COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 




 
 
  
 HOLLY CORPORATION, NAVAJO REFINING CO., AND BLACK
 EAGLE, INC.,
  
                             Appellants,
  
 v.
  
 LONGHORN PARTNERS PIPELINE, L.P.,
  
                             Appellee.
 
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
 
  
 No. 08-02-00186-CV
  
 Appeal from the
  
 120th Judicial District Court
  
 of El Paso County, Texas
  
 (TC# 98-2991)
 
 




                                                                              

O P I N I O N

 

Pending before the Court is the
motion of Appellee, Longhorn Partners Pipeline, L.P.,  to dismiss this appeal pursuant to Tex. R. App. P. 42.3, which states:

Under the following circumstances, on any party=s motion--or on its own initiative after giving ten
days= notice to all parties--the appellate court may
dismiss the appeal or affirm the appealed judgment or order.  Dismissal or affirmance may occur if the
appeal is subject to dismissal:

 

(a) for want of jurisdiction;

 

(b) for want of prosecution; or

 








(c) because the appellant has failed to comply with a
requirement of these rules, a court order, or a notice from the clerk requiring
a response or other action within a specified time.

 

Appellants,
Holly Corporation, Navajo Refining Co., and Black Eagle, Inc., filed their
notice of appeal on April 26, 2002. 
Appellants seek this interlocutory appeal under Section 51.014(a)(6) of the
Texas Civil Practice and Remedies Code, which provides that a person may appeal
from an interlocutory order of a district court that:

denies a motion for summary judgment that is based in
whole or in part upon a claim against or defense by a member of the electronic
or print media, acting in such capacity, or a person whose communication
appears in or is published by the electronic or print media, arising under the
free speech or free press clause of the First Amendment to the United States
Constitution, or Article 1, Section 8, of the Texas Constitution, or Chapter
73;

 

Tex. Civ.
Prac. & Rem. Code Ann.
' 51.014(a)(6) (Vernon 2002).  Appellee argues that the Order Denying
Summary Judgment is not appealable because Appellants= Amended Motion for Summary Judgment
was not Abased in whole or in part upon a . .
. defense by a member of the electronic or print media, acting in such
capacity, or a person whose communication appears in or is published by the
electronic or print media, arising under the free speech or free press clause
of the First Amendment . . . .@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(6).  We agree.








First,
Appellants= Amended Motion for Summary Judgment
was not Abased in whole or in part upon a . .
. defense by a member of the electronic or print media, acting in such
capacity, . . . arising under the free speech or free press clause of the First
Amendment . . . .@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(6).  Appellants are not members of the electronic
or print media and the only First Amendment-related defenses asserted by
Appellants are the Arights of association and petitioning protected by the
Constitutions of Texas and the United States.@ 
In their motion, Appellants argued that their efforts in lobbying, in
persuading a court or other governmental agency to create or enforce a legal
duty, and in supporting, encouraging, and sponsoring litigation are protected
under the petitioning and association clauses of the First Amendment.  There is no mention of a defense arising
under the free speech or free press clause.[1]


Given the
above, we dismiss the instant appeal for want of jurisdiction.

August 21, 2002

 

 

 

                                                                                              RICHARD BARAJAS,
Chief Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

 

(Do Not Publish)

 

 

 

 

 











[1]  We note that
the rights to petition and associate are separate and distinct from the rights
of free speech and a free press.  The
First Amendment of the United States Constitution states, ACongress shall make no law . . . abridging the freedom
of speech, or of the press; or the right of the people peaceably to assemble,
and to petition the Government for a redress of grievances.@